[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this matter as Administrator of the Estate of his brother Michael Gianotti alleges that the defendant, the estranged wife of the decedent, improperly converted to her own use the proceeds of an Individual Retirement Plan without authorization of the Probate Court in which the decedent's estate was being probated. The requested remedy is an order providing for the defendant to return the proceeds of the I.R.A. to the probate court for appropriate distribution as part of the estate.
As indicated above the defendant is the surviving spouse of the decedent who died by his own hand on January 18, 2000 in Lake Sammamish State Park, Issaquah, Washington. (See Death Certificate — Plaintiff's Ex. 6). At that time he was married to the defendant Heike Severine although an action for dissolution was pending in the Connecticut court system. The decedent at the time of his death had on his person $5,419 in cash as evidenced by the medical examiner's records. (See Plaintiff's Ex. 4). He also owned an I.R.A. account in the amount of $8,900. (Plaintiff's Ex. 2).
Prior to the decedent's death, he wrote a farewell note addressed to his family, his wife and friends, in which, inter alia, he expressed his desire to be cremated. (Plaintiff's Ex. 9) The body of the decedent was transported to the funeral home of Cody-White located in Milford, Connecticut. At that time the plaintiffs as executor of his brother's estate, together with the decedent's mother opined that they didn't agree to cremation of the remains but rather, wanted an interment of the decedent in a cemetery after the usual proceedings. This was done and the CT Page 6260 cost of such service came to $11,096.82. (Plaintiff's Ex. 3). It was the testimony of the defendant that on January 20, 2000 she and her mother discussed the funeral arrangements with one Brian Cody of the Cody-White Funeral Home and indicated that it was her desire to comply with her husband's wishes as to cremation and that the cash found with the decedent would cover the cost of such a service. Upon being advised that the family didn't agree with cremation, the defendant acceded to their request so long as any expense over the available funds of $5,419 would be borne by the plaintiff individually and without recourse to the defendant. (See Defendant's Ex. 1). This waiver of authority also included her authorization in favor of the plaintiff to allow the funeral home to obtain the body being held at the time at the Medical Examiner's Office for King County, State of Washington. The funeral proceeded as arranged by the plaintiff and he now seeks the return of the I.R.A. proceeds to assist in meeting the costs of the administration of the estate.
The proceeds of the I.R.A. were presumably paid over to the defendant upon her submission to Merrill Lynch, the custodian of the fund, proper documentation as to her entitlement. If the funds were to be paid to the estate, the court assumes Merrill Lynch would have issued a check to that effect if the estate was the named beneficiary. The plaintiff offered no evidence that the defendant was the improper recipient of the proceeds. It seems clear from the evidence that the only assets of the estate available for distribution was the cash in the amount of $5,865, as listed on Plaintiff's Exhibit 8 which the defendant turned over to the funeral home which in turn remitted it to the plaintiff and a premium return of $446. (Plaintiff's Ex. 5 and 1)
According to the plaintiff, he wanted to arrange the funeral and agreed to pay the expenses, intending to be reimbursed from the I.R.A. The evidence offered does not lead the court to conclude that the I.R.A. proceeds should constitute an asset of the estate and accordingly, judgment may enter for the defendant on the plaintiff's complaint of March 22, 2001.
As to the defendant's counterclaim, the court has nothing before it upon which to base an award of attorney's fees. Should the defendant desire to pursue such a claim, this judgment may be amended to provide such an award after hearing.
George W. Ripley, II Judge Trial Referee